opinions in *Dixon* and *Chickaway*, clearly set forth that discretionary abstention is unwarranted and underscore the propriety of bankruptcy jurisdiction over this action.

## IV. IF THE COURT DOES NOT RETAIN JURISDICTION OVER THE ENTIRE ACTION, IT SHOULD SEVER AND RETAIN JURISDICTION OVER THE CLAIMS OF SEVERAL ADDITIONAL PLAINTIFFS

As noted above, because the phentermine and pharmacy defendants have been fraudulently joined, this Court has jurisdiction over these cases in their entirety. Nevertheless, if the Court determines that it does not have jurisdiction over the entire action, the claims of several plaintiffs should be dismissed because they fall into one of the following categories:

- they are completely diverse from the Mississippi pharmacies because they are not residents of Mississippi[19].

[19] In *Binion*, these plaintiffs include William Peyton Smith, Stephanie Owens, Debbie Turney-Miller, Lori Harris, Gail Lynn Hudson Douglas, Keith Hachtel, Tracy Adams, Frances P. McClure, Lizette Purnell, and Beverly J. Fleming who are allegedly citizens of Tennessee; Anne S. Ellis, an alleged citizen of Texas; and Garry Joe Girdley, an alleged Arkansas citizen. *Binion* Compl. ¶¶ 1.1-1.45. Although Phentermine Defendant SmithKline Beecham is a resident of Tennessee like several of these plaintiffs, its citizenship is irrelevant because it was fraudulently joined for the reasons cited *infra* pp. 8-9. Ms. Ellis and Mr. Girdley are diverse from all defendants.

In *Mosely*, these plaintiffs include Beverly Toliver, Jerry Smith, Dorothy Owens, Crystal Franks, Francelia Williams, Windia Jones, Barbara Chalmers, Diane Thompson, Valenta Allen-Williams, Charles Stewart, and Debra Hill who are allegedly citizens of Tennessee; Doris McSwine, an alleged citizen of Illinois; Philip Cohen and Debbie Girdley, alleged Arkansas citizens; and Stephen Breimer, allegedly a citizen of California. *Mosely* Compl. ¶¶ 1.1-1.40. Although Phentermine Defendant SmithKline Beecham is a resident of Tennessee like several of these plaintiffs, its citizenship is irrelevant because it was fraudulently joined for the reasons cited *infra* pp. 8-9. Ms. McSwine, Mr. Cohen, Ms. Girdley, and Mr. Breimer are diverse from all defendants.

In *Sanders*, these plaintiffs include Lasonya Thomas, Marcia Woods, Therial Taylor, Sharon Holland-Sims, Traci Johnson, Kay Cunningham, Peggie Butler, Sandra Beaver, Harry Beaver, Amanda Beaver, Ellouise Evans, Jo Ann Mathes, and Patricia Harwell, who are allegedly citizens of Tennessee; John Pate, an alleged citizen of Alabama; Senatra Irby, an alleged Texas citizen; and Jacqueline Mister, allegedly a citizen of Missouri. *Sanders* Compl. ¶¶ 1.1-1.49. Although Phentermine Defendant SmithKline Beecham is a resident of Tennessee like several of these plaintiffs, and Phentermine Defendants MCR Pharmaceuticals, Jones Medical Industries, and Qualitest Products are Alabama residents like Mr. Pate, their citizenship is irrelevant because they were fraudulently joined for the reasons cited *infra* pp. 8-9. Ms. Irby and Ms. Mister are diverse from all defendants.

Footnote continued on next page

- they have settled their claims with Wyeth or have accepted the Accelerated Implementation Option of the Settlement Agreement and have therefore released their claims against the pharmacy defendants.[20]

- they have not opted out of the Settlement Agreement at all and have therefore completely released their claims against the pharmacy defendants[21].

---

Footnote continued from previous page

In *Stallings*, these plaintiffs include Edsell Williford, Ramona Johnson, Karen Washington-Hackman, Marsha Wright, Valerie Givens-Rowan, Sharon Ballinger, and Harriet Stewart, who are allegedly citizens of Tennessee; Tammy Henderson, Richard Eifling, and Melissa Milano, who are alleged citizens of Arkansas; Lisa Gross, an alleged Georgia citizen; Elayna Cooper, Donna Morgan, Bruce McMillan, and Johnie Brown, who are allegedly citizens of Alabama; Jacalyn Jones is an alleged Florida resident; and Teretha Williams, who is allegedly a citizen of Kentucky. Compl. ¶¶ 1.1-1.54. Defendant SmithKline Beecham is a resident of Tennessee like several of these plaintiffs, and Phentermine Defendants MCR Pharmaceuticals, Jones Medical Industries, and Qualitest Products are Alabama residents like several plaintiffs, their citizenship is irrelevant because they were fraudulently joined for the reasons cited *infra* pp. 8-9. Ms. Henderson, Mr. Eifling, Ms. Milano, Ms. Gross, Ms. Jones, and Ms. Williams are diverse from all defendants.

[20] *Harmon* plaintiffs Felicia Edwards and Donna Murphy, *Binion* plaintiff Anthony Earl Sykes, *Chandler* plaintiff Lillian Chandler, and *Stallings* plaintiff Johnny Earl Clark exercised Initial Opt Out rights under the Settlement and entered into individual settlement agreements with Wyeth. *See* Initial Opt Out Forms and settlement agreements of Anthony Earl Sykes, Lillian Chandler, and Johnny Earl Clark (attached as Ex. I to Wyeth's Motion to Dismiss Certain Plaintiffs). Additionally, *Harmon* plaintiff Velma Bell, *Binion* plaintiff Beverly Fleming, *Mosely* plaintiffs Valenta Allen-Williams and Arma Harper, and *Stallings* plaintiff Edward McArthur exercised the Accelerated Implementation Option ("AIO") pursuant to the National Settlement, which includes a release and covenant not to sue Wyeth and other released parties. *See* AIO forms of Velma Bell, Beverly Fleming, Valenta Allen-Williams, Arma Harper, and Edward McArthur (attached as Ex. J to Wyeth's Motion to Dismiss Certain Plaintiffs). Having settled their claims, these plaintiffs may not continue to state claims in the current actions.

[21] *Binion* plaintiffs Sheila Bush and Lisa Johnson, *Mosely* plaintiff Diane Thompson, *Sanders* plaintiffs Hanna McClure, and Deloris Sample, and *Stallings* plaintiffs Stephanie Bailey, Sharon Ballinger, and Nathaniel Williams have not exercised an "intermediate" or "back end" opt-out under the Settlement Agreement. Additionally, because *Harmon* plaintiffs Coretta Hairston and Barbara Hall, *Robbins* plaintiff Beverly Ricket, *Binion* plaintiffs Beverly Ann Young and Linda White, *Sanders* plaintiff Senatra Irby, and *Stallings* plaintiffs Patricia Sterling and Susan West's Opt Outs were deficient, these plaintiffs have not properly exercised an Opt Out right under the Settlement Agreement. *See* Declarations of Scott Monroe (composite Ex. I). Under the Settlement Agreement, "all Class Members who have not timely and properly exercised an Initial, Intermediate, Back-End, or Financial Insecurity Opt-Out right" are barred and enjoined "from asserting and/or continuing to prosecute against [Wyeth] or any other Released Party any and all Settled Claims which the Class Member had, has, or may have in the future in any federal, state or territorial court." Settlement Agreement, § VII.D.1.a.5. Non-Wyeth released parties include pharmacies. *See id.* Thus, Ms. Bush, Ms. Johnson, Ms. Thompson, Ms. McClure, Ms. Sample, Ms. Bailey, Ms. Ballinger, Mr. Williams, Ms. Ricket, Ms. Young, Ms. White, Ms. Irby, Ms. Sterling, and Ms. West have no basis for a claim against Wyeth or the Pharmacy Defendants for this additional reason.

The Court, if it finds that the entire action is not removable, should sever these plaintiffs and retain jurisdiction over them.[22] In *Weaver v. Am. Home Prods. Corp.*, the

---

[22] In *Harmon,* plaintiffs Jametra Bagley, Diane Carothers, Becky Cupp, Felicia Edwards, Iris Ezell, Leanne Greer, Coretta Hairston, Barbara Hall, Brenda Hammite, Bonnie Henderson, Linda Hill, Lila Hood, Johnnie Humphries, Nancy Hutchins, Jacqueline James, Lisa Lambert, Natalie Morris, Harold Murphey, Donna Murphy, Debbie Noland, Sonja Pearson, Shirley Reed, Varnell Simpson, Wanda Smith, Jackie Stennis, Pamela Thomas, Samantha Toles, Lisa Wells, Anna Williams, and Karen Winter have all filed Back-End Opt Out forms under the Settlement. In *Robbins,* plaintiffs Mary Ferguson, Beverly Ricket, Anita Mattox, Jennie Ware, Kevin Minor, and Johnnie Bagley ave all filed Back-End Opt Out forms under the Settlement. In *Binion*, plaintiffs Janice Binion, Tracy Adams, Mitzi Allen, Essie Archie, Kimberly Boone, Eddie Busby, Rebecca Carlisle, Jeanne Cowell, Mike Cowell, Gail Douglas, Ladye Durdin, Anne Ellis, Phyllis Evans, Beverly Fleming, Phillip Gilliam, Garry Joe Girdley, Brenda Green, Keith Hachtel, Lori Harris, Gwen Harviel, Barbara Henry, Terry Johnson, Estella King, Meredith Kinsey, Avis Lucas, Donna Melone, Frances McClure, Robert McDaniel, Marie Mitchell, Stephanie Owens, Lizette Purnell, Alisha Rose, Shirley Shaw, William Smith, Anthony Sykes, Albert Taylor, Agnes Tolliver, Debbie Turney-Miller, Melissa Westbrook, Linda White, Phoenicia Wilson, and Beverly Young have all filed Back-End Opt Out forms under the Settlement. In *Chandler*, plaintiffs Sharon Allen, Michael Amburn, Helen Beady, Tammy Cupp, Barnett Jackson, Melissa Kennedy, Lora Poe, Elaine Turner, and Leslie White have all filed Back-End Opt Out forms under the Settlement. In *Mosely,* plaintiffs Moroline Allen, Stephen Breimer, Rosemarie Brooks, Barbara Chalmers, Philip Cohen, Christine Coleman, Jackie Follis-McClure, Crystal Franks, Deborah Girdley, Sandra Harris, Sylvia Hemphill, Kimberly Henderson, Debra Hill, Don Hollingsworth, Ruby Howell, Monica James, Windia Jones, Cynthia King, Joseph Lee, Jr., Doris McSwine, Todd Morgan, Dorothy Owens, David Perry, Pamelia Phelan, Joanna Prather, Charlotte Price, Rhonda Prisock, Carol Simmons, Jerry Smith, Charles Stewart, Mary Stewart, Quinita Tillman, Beverly Toliver, Sharon Weathersby, Earnestine White, and Francelia Williams have all filed Back-End Opt Out forms under the Settlement. In *Sanders,* plaintiffs Mary Sanders, Cynthia Adams, Dee Andrews, Mary Arnold, Elenor Barbee, Amanda Beaver, Harry Beaver, Sandra Beaver, Sue Bolden, Mary Brock, Peggie Butler, Rebecca Carter, Faye Cooke, Kay Cunningham, Sarah Dale, Bettye Davis, Pamela Dean, Ellouise Evans, Rhonda Evans, Gween Fortune, Jacqueline Frye, Deborah Giusti, Patricia Harwell, Cindy Holder, Sharon Holland-Sims, Deshonnon Hunt, Senatra Irby, Rhonda Johnson, Traci Johnson, Bobbie Love, Jo Ann Mathes, Mekii McGee, Jacqueline Mister, John Pate, Nancy Rachal, Laleta Reeves, Nancy Richey, Freddy Shaw, Sandra Spindler, Therial Taylor, Lorna Temple, Lasonya Thomas, Dorothy Washington, Virginia Williams, Kinley Wilson, and Marcia Woods have all filed Back-End Opt Out forms under the Settlement. In *Stallings*, plaintiffs Kimberly Alford, Marilyn Blanch, Johnie Belinda Brown, Mary Buchanan, Priscilla Burney, Cathy Carpenter, Elayna Cooper, Billy Cupp, Jr., Susan Davis, Richard Eifling, Thelma Gales, Valerie Givens-Rowan, Lisa Gross, Karen Hackman, Tammy Henderson, Norma Dempsey Hisaw, Barbara Jenkins, Ramona Johnson, Jacalyn Jones, Patricia Lavender, Virginia Logan, Pearl McGee, Bruce McMillan, Melissa Milano, Donna Gail Morgan, Carolyn Preston, Sonia Pritchard, Angela Tuck Reed, Catherine Shaffer, Carrie Simpson, Geraldine Young Smith, Harriet Stewart, Wanda Thompson, Mary Schaefer Timms, Betty LouAnne Tomlinson, William Westbrook, Maxine Tally Whitecomb, Teretha Williams-Scarfe, Edsell Williford, Carol Wilson, Mae Wilson, Marsha Wright, and Tabitha Wroten have all filed Back-End Opt Out forms under the Settlement. *See* Back-End Opt Out Forms of the above-named plaintiffs (composite Ex. J). Plaintiffs claiming Back-End Opt Out rights must prove that they suffer from a Matrix-Level Condition under the Settlement. Because of the fact-specific nature of this proof, plaintiffs claiming such rights are misjoined with each other and with plaintiffs not claiming Back-End Opt Out rights.

Also, plaintiffs Duwanda Robbins (*Robbins)*, Janice Binion (*Binion)*, and Patricia Mosely (*Mosely*) are initial opt-outs from the diet drug settlement, while the other plaintiffs are intermediate or back-end opt-

Footnote continued on next page

Court held that plaintiffs cannot defeat diversity jurisdiction by misjoining plaintiffs. Memorandum And Pretrial Order 2946, slip op. at 22-23 (E.D. Pa. July 30, 2003). However, the Court issued three nearly identical orders on the same day in *Chrestman v. Am. Home Prods. Corp.*, No. 03-20097 (E.D. Pa. May 20, 2003); *Williamson v. Am. Home Prods. Corp.*, No. 03-20083 (E.D. Pa. May 20, 2003); and *Barnett v. Am. Home Prods. Corp.*, No. 03-20085 (E.D. Pa. May 20, 2003), rejecting Wyeth's misjoinder arguments under Mississippi law. The Court issued a similar order in *Walls v. Am. Home Prods.*, No. 020-20111 (E.D. Pa. May 28, 2003). In all these cases, the Court found that the plaintiffs were not misjoined because Mississippi permits liberal joinder. However, in the state court Mississippi diet drug case, *James v. Wyeth*, the Supreme Court of Mississippi took the extraordinary step of granting Wyeth's petition for interlocutory appeal to determine the scope of Mississippi's joinder and venue rules, making it clear that it may reexamine or clarify those rules. *See James v. Wyeth, Inc.*, No. 2003-M-01255 (Miss. Sup. Ct. Aug. 28, 2003) (Ex. M). An excerpt from Wyeth's Petition For Interlocutory Appeal in *James*, showing that the case raises similar issues concerning the standard for joinder under Rule 20 is attached as Ex. N. The Court granted similar petitions in five other pharmaceutical cases: *Janssen Pharmaceutica Inc. v. Armond*, No. 2003-M-00398 (Miss. Sup. Ct. April 3, 2003); *Janssen Pharmaceutica Inc. v. Grant*,

---

Footnote continued from previous page

outs. *See* Initial Opt-Out Forms of Duwanda Robbins, Janice Binion, and Patricia Mosely (composite Ex. K). Under the Settlement Agreement, an initial opt-out may seek punitive damages, but an intermediate or back-end opt-out may not seek such damages. For this and additional reasons, this Court has held that the Settlement Agreement prohibits the adjudication of initial opt-out claims and intermediate opt-out claims in the same trial. *Brown v. American Home Prods. Corp.*, MDL Docket No. 1203, No. 99-205932, PTO 2627 (E.D. Pa. Oct. 17, 2002). Accordingly, Ms. Robbins, Ms. Binion, and Ms. Mosely were misjoined to the other plaintiffs.

No. 2003-M-00174 (Miss. Sup. Ct. April 3, 2003); *Janssen Pharmaceutica Inc. v. Keys*, No. 2003-M-00275 (Miss. Sup. Ct. April 3, 2003); *Janssen Pharmaceutica Inc. v. Scott*, No. 2003-M-00287 (Miss. Sup. Ct. April 3, 2003); *Janssen Pharmaceutica Inc. v. Jackson*, No. 2003-M-00440 (Miss. Sup. Ct. April 3, 2003). The Orders granting interlocutory appeal in each of these cases are attached as composite Ex. L. The fact that the Mississippi Supreme Court stayed proceedings in each of these cases pending its decision, strongly suggests that the Court may clarify Mississippi joinder rules. This decision may have an important effect on misjoinder analysis in the present case and at the least, this Court should defer consideration of the misjoinder issue until those appeals are decided.

* * *

For all the reasons stated above, this Court should deny plaintiffs' motion to remand.

## V. THIS COURT SHOULD DISMISS THE CLAIMS OF THE OUT OF STATE PLAINTIFFS FOR LACK OF PERSONAL JURISDICTION

The Court should also grant Wyeth's cross-motion to dismiss the non-Mississippi residents' claims. The law is absolutely clear -- non-Mississippi residents with no connection to Mississippi cannot procure personal jurisdiction in Mississippi. On dozens of occasions diet drug plaintiffs have entered into stipulations with Wyeth agreeing to dismiss from Mississippi lawsuits those plaintiffs who are not Mississippi residents. Indeed, this Court has signed or received several such stipulations of dismissal. *See* Stipulations of Dismissal for Lack of Personal Jurisdiction in Linda Walls, et al., 2001-257, (Cir. Ct. Clairborne Co.) (MS); Nena Williams, et al., Civil Action No. 02-130 (S.D.

MS); Joyce Harris, et al., Civil Action No. 03-188 (S.D. MS); Dauline Mitchell, 03-57 (S.D. MS); Betty W. Noah, et al., Civil Action No. 03-20199 (E.D.Pa.); Regina Jones McMullen, et al., Civil Action No. 03-20235 (E.D. Pa.); and Shirley Doss/Denice Baldwin-Collins, et al., Civil Action No. 01-314 (S.D. MS) (composite Ex. O). Over the past year, Wyeth proposed the same agreement to these plaintiffs' counsel to avoid burdening this Court with a settled issue on which it need not, and should not have to, focus. As has been their practice, plaintiffs' counsel simply ignored Wyeth's requests. Thus, we are forced to seek a ruling from this Court. And, however the Court rules on the remand motions, it can and should dismiss the claims of the non-Mississippi residents.

Plaintiffs William Peyton Smith, Stephanie Owens, Debbie Turney-Miller, Lori Harris, Gail Lynn Hudson Douglas, Keith Hachtel, Tracy Adams, Frances P. McClure, Lizette Purnell, Beverly J. Fleming, Anne S. Ellis, and Garry Joe Girdley (*Binion*); Beverly Toliver, Jerry Smith, Dorothy Owens, Crystal Franks, Francelia Williams, Windia Jones, Barbara Chalmers, Diane Thompson, Valenta Allen-Williams, Charles Stewart, Debra Hill, Doris McSwine, Philip Cohen, Debbie Girdley, and Stephen Breimer (*Mosely*); Lasonya Thomas, Marcia Woods, Therial Taylor, Sharon Holland-Sims, Traci Johnson, Kay Cunningham, Peggie Butler, Sandra Beaver, Harry Beaver, Amanda Beaver, Ellouise Evans, Jo Ann Mathes, Patricia Harwell, John Pate, Senatra Irby, and Jacqueline Mister (*Sanders*); and Edsell Williford, Ramona Johnson, Karen Washington-Hackman, Marsha Wright, Valerie Givens-Rowan, Sharon Ballinger, Harriet Stewart, Tammy Henderson, Richard Eifling, Melissa Milano, Lisa Gross, Elayna Cooper, Donna Morgan, Bruce McMillan, Johnie Brown, and Teretha Williams (*Stallings*) are not

residents of the state of Mississippi (hereinafter "the non-resident plaintiffs"). *Binion* Compl. ¶¶ 1.1-1.45; *Mosely* Compl. ¶¶ 1.1-1.40; *Sanders* Compl. ¶¶ 1.1-1.40; *Stallings* Compl. ¶¶ 1.1-1.54. The complaints do not allege that these plaintiffs have any contact with Mississippi or that their causes of action have any connection whatsoever to Mississippi. Under Mississippi law, nonresident plaintiffs whose claims have no connection to the state cannot obtain personal jurisdiction over nonresident defendants like Wyeth. Consequently, the claims of the nonresident plaintiffs must be dismissed.

The burden of establishing personal jurisdiction over a non-resident defendant rests on the plaintiffs. *See Applewhite v. Metro Aviation, Inc.*, 875 F.2d 491, 494 (5th Cir. 1989); *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985); *Cannon v. Tokyu Car Corp.*, 580 F.Supp. 1451, 1452 (S.D. Miss. 1984). In cases involving multiple plaintiffs, each plaintiff must be able to establish personal jurisdiction over the non-resident defendant. It is not sufficient if some of the plaintiffs can establish personal jurisdiction. *See Moore Video Distributors, Inc. v. Quest Entertainment, Inc.*, 823 F.Supp. 1332 (S.D. Miss. 1993) (claims of non-resident plaintiffs against non-resident defendants dismissed for lack of personal jurisdiction; claims of remaining in-state plaintiffs were allowed to proceed).

The Fifth Circuit recognizes a two-step inquiry to determine whether a district court has *in personam* jurisdiction over a non-resident defendant: First, the law of the forum must provide for the exercise of *in personam* jurisdiction. Second, the forum's exercise of that jurisdiction must comply with the due process requirements of the Fourteenth Amendment to the United States Constitution. *Smith v. DeWalt Products* Corp., 743 F.2d 277, 278 (5th Cir. 1984). In this case, neither Mississippi law nor the

Due Process Clause permits the non-resident plaintiffs to exercise personal jurisdiction over Wyeth in a Mississippi state or federal court.

### 1. <u>Mississippi's Long-Arm Statute Does Not Reach Wyeth</u>

Wyeth is a non-resident of Mississippi and can be served with Mississippi process only in compliance with Mississippi's long-arm statute. Wyeth is not qualified to do business in Mississippi and does not have an agent in the state authorized to receive service of process. *See* January 29, 2002 Affidavit of John Alivernini ("Alivernini Aff.") at ¶ 17.[23] (Ex. H).

Mississippi's long-arm statute, Miss. Code Ann. § 13-3-57 (Supp. 1999), provides for service of process on non-resident defendants as follows:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any part in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the court of this state. Service of summons and process upon the defendant shall be had or made as is provided by the Mississippi Rules of Civil Procedure.

The long-arm statute is broken into three prongs: the contract prong, the tort prong and the "doing business" prong. Although the complaint makes it clear that plaintiffs are relying solely on the "doing business" prong in their effort to serve Wyeth, none of the three prongs is available to the non-resident plaintiffs.

---

[23] Wyeth filed the Affidavit of John Alivernini in *Walls v. American Home Prods. Corp.*, Civ. A. No. 5:02CV34BN (S.D. Miss.).

**a. The Non-Resident Plaintiffs May Not Rely On The "Doing Business" Prong Of The Long-Arm Statute**

The Fifth Circuit and the federal courts in Mississippi have consistently held that non-resident plaintiffs cannot use the doing business prong of the long-arm statute to gain personal jurisdiction over a non-resident defendant. *Submersible Systems, Inc. v. Perforadora Central S.A. de C.V.*, 249 F.3d 413, 418 (5th Cir. 2001); Golden *v. Cox Furniture Mfg. Co.*, 683 F.2d 115, 117 (5th Cir. 1982); *accord Washington v. Norton Mfg., Inc.*, 588 F.2d 441, 444-45 (5th Cir.) ("[T]he Mississippi long-arm statute cannot be invoked by a non-resident plaintiff to establish jurisdiction over a corporation which is merely 'doing business' within Mississippi"), *cert. denied*, 442 U.S. 942 (1979). *See also* Miss. Code Ann. § 13-3-57 (Supp. 1999).[24]

In *Schmid v. Roehm GmbH*, 617 F. Supp. 655 (S.D. Miss. 1985), a Kansas resident was injured in Kansas by an allegedly defective gun. In rejecting the plaintiff's effort to invoke the "doing business" prong of the statute, the Court stated:

> Federal courts construing the 'doing business' portion of that statute have consistently held that it is for the sole use and protection of Mississippi residents who seek to establish jurisdiction over nonresidents who are not available for personal service of process and are involved in a controversy with a resident of Mississippi. [Citations omitted]. Thus, regardless of whether or not the Defendants could be said to be 'doing business' in Mississippi, the non-resident plaintiff in this case cannot avail herself of the 'doing business' provision of §13-3-

[24]The Mississippi legislature amended the "tort" prong of the long-arm statute in 1980 to permit non-resident use but left the wording of the "doing business" provision intact. In passing up the opportunity to correct any previous judicial misconstruction, the legislature ratified the Fifth Circuit's interpretation of the "doing business" provision limiting its use to residents of this state. *See Smith v. DeWalt*, 743 F.2d at 279. The legislature's decision not to amend the "doing business" section of the long-arm statute while extending the tort prong of the statute to non-resident plaintiffs indicates that the legislature does not intend non-resident plaintiffs to use the "doing business" provision. N.J. Singer, *Sutherland Statutory Construction*, 22.33 (4th Ed. 1985) ("Provisions of the original act or section which are repeated [in the amended statute] are considered a continuation of the original law").

> 57, the long-arm statute, to establish this Court's jurisdiction over the non-resident defendants.

*Id.* at 657 (emphasis added).[25]

Most notably, in *Prince v. Hoffmann-La Roche & Co.*, 780 F.Supp. 417 (S.D. Miss. 1991), *affirmed*, 964 F.2d 1144 (5th Cir. 1992), *cert. denied*, 121 L.Ed.2d 686 (U.S. 1992), the U.S. District Court for the Southern District of Mississippi held that under facts similar to the case at bar, the court lacked personal jurisdiction over the defendant Roche. In *Prince*, the plaintiff, a resident of Pennsylvania, alleged that she sustained personal injuries as the result of ingesting the drug Fansidar. *Id.* at 418. It was undisputed that plaintiff was a Pennsylvania resident at all relevant times and that the plaintiff ingested Fansidar outside of Mississippi. *Id.* The court concluded that a non-resident of Mississippi may not use the "doing business" section of the long-arm statute to serve a foreign corporation on a cause of action occurring or accruing outside the State of Mississippi. *Id.* at 419. In addition, the Court concluded that it was clear that the tort prong of the Mississippi long-arm statute did not apply. *Id.*

The non-resident plaintiffs here accordingly cannot use the "doing business" prong of Mississippi's long-arm statute to obtain jurisdiction over Wyeth. These plaintiffs and Wyeth are non-residents of Mississippi and these plaintiffs allege no connection at all to that state.

---

[25] *Accord Mills v. Dieco, Inc.*, 722 F.Supp. 296 (N.D. Miss. 1989) (Judge Biggers, citing *Washington* and *DeWalt,* denied a non-resident plaintiff use of the "doing business" prong).

**b. Wyeth Has Committed No Tort Against The Non-Resident Plaintiffs In Whole Or In Part In Mississippi**

By its express terms, the "tort" prong of the Mississippi long-arm statute is available to non-resident plaintiffs only if the tort occurred in whole or in part in Mississippi. *See Herrley v. Volkswagen of America, Inc.*, 598 F. Supp. 690, 692 (S.D. Miss. 1984), *affirmed*, 957 F.2d 216 (5th Cir. 1992). ("The 1980 amendment [to the Mississippi long-arm statute] creates a right in non-residents to make use of the statute only where the tort is committed in whole or in part in this state"); *Thompson v. F.W. Woolworth Co.*, 508 F. Supp. 522, 523 (N.D. Miss. 1981) ("[A] nonresident may not use [the tort prong of the long-arm statute] as a vehicle to bring suit in the courts of this state against nonresidents or foreign corporations not qualified under the constitution and the laws of this state to do business in the state when the incidents giving rise to the cause of action occur outside of Mississippi.") Although the non-resident plaintiffs appear to sue Wyeth in tort, they make no claim that Wyeth committed a tort against them in whole or in part in Mississippi. Nor can they.

The Fifth Circuit and this Court have held that in a product liability case such as this one, the "tort" prong of Mississippi's long-arm statute applies only "where the defective product causes the injury giving rise to the litigation in the forum state." *Ray v. Colt Indus. Inc.*, C. A. No. J86-0606(B), slip op. at 9 (S.D. Miss. Dec. 29, 1987) (Appendix - Tab 1) (citing *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 375 (5th Cir. 1987)) (emphasis added); *Goodman v. Hoffmann-La Roche. Inc.*, C. A. No. J89-0649 (B), slip op. at 6 (S.D. Miss. Jan. 9, 1990) (Appendix - Tab 2). The "tort" prong plainly does not permit service of process in this case where, as discussed above, the alleged injury

was suffered outside of Mississippi by non-residents and Wyeth's allegedly tortious conduct against the non-resident plaintiffs occurred entirely outside Mississippi.

#### c. The Non-Resident Plaintiffs May Not Rely On The Contract Prong Of The Long Arm Statute

The non-resident plaintiffs make no allegation that Wyeth entered into a contract to be performed in whole or in part in Mississippi, so the "contract" prong of the long-arm statute simply does not apply. In any event, non-resident plaintiffs may not utilize the "contract" prong of the long arm statute. *See Submersible Systems, Inc. v. Perforadora Central, S.A. de C.V.*, 249 F.3d 413, 418 (5th Cir. 2001).

### 2. The Exercise Of Jurisdiction Over Wyeth In Mississippi Would Violate Wyeth's Due Process Rights Under The Fourteenth Amendment Of The United States Constitution

The failure of the non-resident plaintiffs to satisfy the clear requirements of the Mississippi long-arm statute mandates dismissal on the face of the Complaints without consideration of any constitutional question.[26] Even if service were proper under Mississippi's long-arm statute, this Court's exercise of personal jurisdiction over Wyeth would violate federal due process.

Under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, a court may not exercise *in personam* jurisdiction over a defendant who does not have sufficient contacts with the forum to satisfy requirements of fundamental fairness. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 293-94 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 318-20 (1945). Where, as here, a

---

[26]The constitutional issue should not be reached if service was defective under the Mississippi statute. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1167 (5th Cir. 1985).

cause of action does not arise in the forum state or out of defendant's contacts with the forum, the Due Process Clause precludes the exercise of *in personam* jurisdiction unless the defendant has systematic and continuous contacts with the forum state, such as the operation of a business on a regular basis. *See, e.g., Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 447-48 (1952); *O'Neal v. Hicks Brokerage Co.*, 537 F.2d 1266, 1268 (4th Cir. 1976). Wyeth's contacts with Mississippi do not satisfy this requirement.

Wyeth develops, manufactures, and distributes pharmaceutical products. It is not qualified to do business in the State of Mississippi and does not have a registered agent for service of process in Mississippi. Federal courts have held that, under the Due Process Clause, contacts of this nature are insufficient to warrant the exercise of personal jurisdiction over a non-resident corporation in an action that does not arise out of that corporation's activities within the forum. For example, in *Ratliff v. Cooper Laboratories. Inc.*, 444 F.2d 745 (4th Cir.), *cert. denied*, 404 U.S. 948 (1971), the Fourth Circuit held that due process precluded the exercise of personal jurisdiction over non-resident pharmaceutical companies in an action based on injuries sustained outside the forum.

> Significant in the instant factual setting is the lack of a 'rational nexus' between the forum state and the relevant facts surrounding the claims presented . . . . If plaintiff's injury does not arise out of something done in the forum state, then other contacts between the corporation [sic] and the state must be <u>fairly extensive</u> before the burden of defending a suit there may be imposed upon it without offending 'traditional notions of fair play and substantial justice.'

444 F.2d at 748 (citations omitted) (emphasis added).

The First Circuit reached the same conclusion on nearly identical facts in *Seymour v. Parke, Davis & Co.*, 423 F.2d 584 (1st Cir. 1970). In *Seymour*, the court affirmed the dismissal of a case brought against a non-resident pharmaceutical company for injuries allegedly caused by ingestion of a drug outside the forum. Like Wyeth, the defendant did not design, manufacture, label or develop its products in the forum state. It had not registered to do business or appointed an agent to receive service of process there. On these facts, the court held that:

> [i]f the plaintiff has some attachment to the forum, or if the defendant has adopted the state as one of its major places of business, we would have no question of the right of the state to subject the defendant to suit for unconnected causes of action. Nor would we even if the forum were not a major center of defendant's business but were nevertheless a community into whose business life the defendant had significantly entered as determined by the quality, substantiality, continuity, and systematic nature of its activities. When, however, defendant's only activities consist of advertising and employing salesmen to solicit orders, we think that fairness will not permit a state to assume jurisdiction.

*Id.* at 587 (citations omitted). *See also Glater v. Eli Lilly & Co.*, 744 F.2d 213, 216-17 (1st Cir. 1984) (where non-resident plaintiff sued non-resident pharmaceutical company for injuries sustained outside the forum, defendant's activities in forum, including presence of sales representatives, were not sufficient to support the exercise of general *in personam* jurisdiction).

Wyeth's contacts with Mississippi are, if anything, less substantial than the defendants' contacts with the forum in these cases. Thus, even if service of process was proper under Mississippi's long-arm statute, the Due Process Clause of the Fourteenth Amendment to the United States Constitution would preclude this Court from exercising

*in personam* jurisdiction over Wyeth. Because the non-resident plaintiffs are unable to establish personal jurisdiction over Wyeth in Mississippi, their claims should be immediately dismissed, without prejudice to re-file in an appropriate forum where jurisdiction may be had.

**CONCLUSION**

Wyeth properly removed these actions on the ground that the Pharmacy Defendants were fraudulently joined and that the Court has diversity jurisdiction; and in the *Harmon Chandler, Mosley, Sanders,* and *Stallings* cases, also on the ground of bankruptcy jurisdiction. Accordingly, the Court should deny Plaintiffs' motion to remand.

The Court should also grant Wyeth's cross–motion to dismiss the plaintiffs identified above for lack of personal jurisdiction.

Respectfully submitted;

Peter L. Zimroth
Anand Agneshwar
Ingo W. Sprie, Jr.
Dorothy Giobbe
ARNOLD & PORTER
399 Park Avenue
New York, NY 10022-4690
(212)715-1000

Robert D. Rosenbaum
ARNOLD & PORTER
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5000

Michael T. Scott
Paul B. Kerrigan
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
(215) 851-8100

William Gage
BUTLER, SNOW, O'MARA, STEVENS &
CANNADA, PLLC
17th Floor, AmSouth Plaza
Post Office Box 22567
Jackson, MS 39225-2567
(601) 948-5711

Attorneys for Defendant
Wyeth

DATED: December 5, 2003

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that true and correct copies of the Memorandum of Authorities in Support of the Response of Wyeth to Plaintiffs' Motion to Remand, Appendix of Exhibits (Vol. I-II), and Wyeth's Cross-Motion to Dismiss the Claims of the Non-Mississippi Residents in the *Linda Harmon, Duwanda Robbins, Janice Binion, Lillian Chandler, Patricia Mosley, Mary Sanders, and Brenda Stallings* actions were served this 5th day of December 2003 by UPS Overnight Delivery upon counsel for plaintiffs in the foregoing actions addressed as follows:

Brian A. Clark, Esquire
Page, Kruger & Holland, P.A.
10 Canebrake Boulevard
Suite 200
Jackson, MS 39232
*(Attorney for Plaintiffs)*

Wilbur O. Colum, Esquire
The Colum Law Firm
406 Third Avenue
Columbus, MS 39703
*(Attorney for Plaintiffs)*

and by U.S. first-class mail, postage prepaid, upon all other counsel of record in the foregoing actions and all counsel required to be served by Pretrial Order No. 19.

Michael T. Scott

Date: December 5, 2003