IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE DIET DRUGS (PHENTERMINE/FENFLURAMINE/ DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | MDL No. 1203 |
| SHEILA BROWN, *et al*. v. AMERICAN HOME PRODUCTS CORPORATION | CIVIL ACTION No. 99-20593 |
| This document relates to: | |
| LINDA HARMON, *et al.* v. WYETH-AYERST PHARMACEUTICALS, INC., *et al.*; | MDL Case No. 02-20082 |
| DUWANDA ROBBINS, *et al.* v. WYETH-AYERST PHARMACEUTICALS, INC., *et al.*; | MDL Case No. 02-20081 |
| JANICE BINION, *et al.* v. WYETH-AYERST PHARMACEUTICALS, INC., *et al.*; | MDL Case No. 02-20119 |
| LILLIAN CHANDLER, *et al.* v. WYETH-AYERST PHARMACEUTICALS, INC., *et al.*; | MDL Case No. 02-20120 |
| PATRICIA MOSLEY, *et al.* v. WYETH-AYERST PHARMACEUTICALS, INC., *et al.*; | MDL Case No. 02-20122 |
| MARY F. SANDERS, *et al.* v. WYETH-AYERST PHARMACEUTICALS, INC., *et al.*; | MDL Case No. 02-20121 |
| - and - BRENDA STALLINGS, *et al.* v. WYETH-AYERST PHARMACEUTICALS, INC., *et al.* | MDL Case No. 02-20118 |

**WYETH'S REPLY TO PLAINTIFFS' "FIRST AMENDED RESPONSE" TO WYETH'S MOTION TO DISMISS CERTAIN PLAINTIFFS**

Defendant Wyeth submits this Reply Memorandum to Plaintiff's First Amended Response in further support of its Motion to Dismiss Certain Plaintiffs. Once again, plaintiffs' latest response fails to respond substantively to Wyeth's Motion to Dismiss. The undisputed evidence previously submitted by Wyeth – and which plaintiffs again have failed to refute – mandates the dismissal of those plaintiffs who are the subject of this Motion.[1]

As a preliminary matter, it is important to note that Wyeth's Motion to Dismiss was filed on October 24, 2003. It has been pending for over four moths. By any measure, plaintiffs' amended response is inexcusably late. It contains no information that was outside plaintiffs' control when they filed the original response, and plaintiffs have provided no explanation for their failure to timely file their amended response.

Additionally, paragraphs 1 through 19 of plaintiffs' amended response are identical to the response they filed on November 24, 2003, so it is unclear what their purpose was in filing this amendment. Because Wyeth already has addressed these arguments in great detail in its previously filed reply, Wyeth responds here only to the new arguments plaintiffs have made in paragraphs 20 through 24 of their amended response.

---

[1] Plaintiffs have identified three plaintiffs, Donna Murphy (*Harmon*), Felicia Edwards (*Harmon*), and Robert Fulton McDaniel, Jr. (*Binion*), whom they claim have not previously settled their claims with Wyeth. Plaintiffs' Amended Opposition, at 9-10. For over a year and a half, Wyeth has repeatedly attempted to confer with plaintiffs' counsel about plaintiffs who have previously-settled their claims. Plaintiffs' counsel has refused to provide any information whatsoever, and Wyeth predicated its motion on information gleaned from its own investigation. Only now, in plaintiffs' second response to a motion that has been pending for over four months, does plaintiffs' counsel present information that supports the purported right of three out of their 249 clients to sue. As to those three plaintiffs, a preliminary second review of Wyeth's records indicate that these individuals may in fact have properly opted out. Wyeth will therefore withdraw without prejudice its Motion to Dismiss those three plaintiffs, subject to refiling if Wyeth's investigation concludes that they have not in fact properly opted out.

192461-1

2

I. **THIS COURT IS THE PROPER FORUM IN WHICH TO DETERMINE ELIGIBILITY ISSUES IN THESE CASES.**

Plaintiffs argue that this Court should refrain ruling on Wyeth's motion pending remand to the transferor court. Plaintiffs' Amended Response, at 10-11.[2] In fact, though, this Court is the proper forum to decide these plaintiffs' eligibility to sue. The argument is astonishing. Having ignored the Settlement Agreement for years, and having demonstrated in their various responses a glaring disregard of or unfamiliarity with the numerous PTOs this Court has entered interpreting the Settlement Agreement, plaintiffs seek to force Wyeth to litigate hundreds of frivolous cases. The issues in this motion are not even close. Plaintiffs' counsel's claim that they are entitled to sue is *frivolous* at best, *sanctionable* at worst. They should not be rewarded for this behavior and their obstinate refusal to comport their complaints to the terms of the Settlement Agreement. This Court has jurisdiction by virtue of the fact that this case has been transferred here by the JPML. This Court has also the exclusive jurisdiction to interpret and enforce the Settlement Agreement. This Court should rule on the various pending motions.

II. **PLAINTIFFS' RECENT ATTEMPT TO COMPLY WITH PTO 2930 IS DWARFED BY THEIR LACK OF COOPERATION ON THE LARGER ISSUES IN THESE CASES.**

Although plaintiffs recently have taken steps to comply with the production of 2930 material since Wyeth's motion was filed over four months ago, their production has been tardy and they still are not in full compliance with PTO 2930. Even more importantly, plaintiffs' cooperation on fact sheets and medical provider forms is dwarfed

---

[2] Plaintiffs also argue that a decision on this motion should await the outcome of their pending remand motion. This Court has previously held that phentermine defendants and pharmacies are fraudulently joined under Mississippi law; therefore these cases present complete diversity. *See* PTO 2567, at 1. In their amended response, plaintiffs seem to argue that even if federal jurisdiction exists, this Court should let the transferor court rule on the pending motion after remand to that court.

by their lack of cooperation on the larger issues in these cases, the most important of which is their steadfast refusal to dismiss those plaintiffs who are not eligible to sue based on their own echocardiogram reports, their election of the AIO, or those plaintiffs who have previously settled with Wyeth. Had plaintiffs cooperated with Wyeth to streamline these cases when Wyeth first brought these issues to plaintiffs' attention, the sheer volume of 2930 material produced and processed could be cut roughly in half, saving the parties enormous administrative and other expenses. As Wyeth discussed in its Motion to Dismiss, despite Wyeth's repeated entreaties relating to these issues, plaintiffs' counsel simply has refused to cooperate.

Finally, the Court should take notice of the manner in which plaintiffs and their counsel are proceeding. Although the Settlement Agreement obtained final judicial approval in early 2002, plaintiffs continue to claim that it doesn't apply to them. Although the Settlement Agreement and Judge Bartle's PTOs clearly prohibit invalid opt-outs from pursuing claims against Wyeth (other than those who qualify to claim PPH), plaintiffs disregard both the Agreement and the Court's PTOs. Although the Settlement Agreement prohibits even downstream opt-out plaintiffs from seeking punitive damages, plaintiffs cavalierly seek punitive damages and refuse to amend their complaint to conform to Settlement Agreement. Although this Court has already ruled that phentermine and pharmacy defendants are fraudulently joined under Mississippi law, plaintiffs do not even cite these PTOs in their briefs. Although Wyeth has provided unequivocal evidence that dozens of these plaintiffs are clearly not eligible to sue, plaintiffs' counsel have provided virtually no explanation of why they belong in court. This method of briefing is not only burdensome and expensive to Wyeth. It is a burden to the Court and the Special Master, which are supervising discovery in thousands of

lawsuits and are entitled to expect parties to cooperate with each other and to demonstrate some familiarity with the governing law.

## CONCLUSION

For the foregoing reasons, the reasons set forth in Wyeth's Reply to Plaintiffs' Response, and for the reasons in Wyeth's original Motion to Dismiss Certain Plaintiffs, Wyeth respectfully requests that the Court grant the relief requested in Wyeth's Motion. Wyeth reiterates its request that the fees and expenses related to this Motion be assessed against plaintiffs, and that this matter be given expedited consideration.

Respectfully submitted,

      PK726      
Peter L. Zimroth
Anand Agneshwar
Dorothy N. Giobbe
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY  10022-4690
(212) 715-1000

Robert D. Rosenbaum
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004-1206
(202) 942-5000

William M. Gage
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
AmSouth Plaza
210 East Capitol Street
P.O. Box 22567
Jackson, MS 39201
(601) 948-5711

and

Michael T. Scott  
Paul B. Kerrigan  
REED SMITH LLP  
2500 One Liberty Place  
Philadelphia, PA 19103-7301  
(215) 851-8100  

Attorneys for Defendant Wyeth

Dated: March 8, 2003

192461-1

6