IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIET DRUGS (Phentermine / Fenfluramine / Dexfenfluramine) PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1203 |
| SHEILA BROWN, *et al.* v. AMERICAN HOME PRODUCTS CORPORATION | CIVIL ACTION No. 99-20593 |
| This document relates to: | |
| LINDA HARMON, *et al.* v. WYETH-AYERST PHARMACEUTICALS, INC., *et al.* | CIVIL ACTION No 02-20082 |
| DUWANDA ROBBINS, *et al.* v. WYETH-AYERST PHARMACEUTICALS, INC. *et al.*; | CIVIL ACTION No. 02-20081 |
| JANICE BINION, *et al.* v. WYETH-AYERST PHARMACEUTICALS, INC., *et al.*; | CIVIL ACTION No 02-20119 |
| LILIAN CHANDLER, *et al.* v. WYETH-AYERST PHARMACEUTICALS, INC., *et al.*; | CIVIL ACTION No 02-20120 |
| PATRICIA MOSLEY, *et al.* v. WYETH-AYERST PHARMACEUTICALS, INC., *et al.*; | CIVIL ACTION No 02-20122 |
| MARY F. SANDERS, *et al.* v. WYETH-AYERST PHARMACEUTICALS, INC., et al.; | CIVIL ACTION No 02-20121 |
| BRENDA STALLINGS, *et al.* v. WYETH-AYERST PHARMACEUTICALS, INC., *et al.*; | CIVIL ACTION No 02-20118 |

**WYETH'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS CERTAIN PLAINTIFFS**

Wyeth submits this Reply Memorandum in support of its Motion to Dismiss Certain Plaintiffs (the "Motion"). Once again, plaintiffs have failed to respond substantively to Wyeth's Motion. The evidence submitted by Wyeth stands unrebutted through several rounds of briefing, and the claims of all of the plaintiffs who are the subject of Wyeth's motion should be summarily

dismissed. Wyeth further renews its request that the fees and expenses associated with filing and briefing this Motion be assessed against the plaintiffs.

## I. WYETH'S MOTION TO DISMISS SHOULD BE GRANTED

Wyeth has moved to dismiss over 150 plaintiffs because: (1) some have already settled their diet drug claims or elected the Accelerated Implementation Option ("AIO"); (2) over half of the plaintiffs are not proper downstream opt-outs according to their *own* echocardiogram reports; (3) some plaintiffs have failed to opt out; and (4) others do not meet the Settlement Agreement definition of PPH.

Plaintiffs first responded in November 2003 by arguing that this Court had no jurisdiction to rule on Wyeth's Motion because it had not yet ruled on plaintiffs' Motions to Remand. Nevertheless, on February 23, 2004, plaintiffs filed a First Amended Response to Wyeth's Motion to Dismiss. The Court denied remand on August 24, 2004, and gave plaintiffs another opportunity to respond to Wyeth's Motion, "including the issues of eligibility of plaintiffs to proceed with their claims." *See* Pretrial Order No. 3872, Para. 8. Plaintiffs filed a First Supplemental Response to Wyeth's Motion on September 13, 2004.

### A. Plaintiffs Who Have Already Settled or Have Exercised the AIO Should be Dismissed.

In their Response, plaintiffs claim that Wyeth is moving to dismiss the claims of Robert Fulton McDaniel (*Binion*), Donna Murphy (*Harmon*), and Felicia Edwards (*Harmon*). *See* Plaintiffs' First Supplemental Response to Wyeth's Motion to Dismiss Certain Plaintiffs, at 3-4. This simply is not true. In fact, on March 8, 2004, Wyeth withdrew its Motion to Dismiss as to those three plaintiffs, without prejudice to renew it following the conclusion of discovery. *See* Wyeth's Reply to Plaintiffs' First Amended Response to Wyeth's Motion to Dismiss Certain Plaintiffs, filed March 8, 2004, at fn1. Wyeth withdrew its motion as to those three plaintiffs

because, in response to Wyeth's first motion (filed almost one year ago), plaintiff's counsel produced affidavits swearing that although those three plaintiffs had identical names as individuals who had previously settled claims, those three plaintiffs, in fact, had not settled their claims. Plaintiffs did not present – and still have not presented – any sworn statements or other evidence disputing the validity of the signed releases and AIO forms (attached as exhibits to Wyeth's Motion) for the eight other plaintiffs identified in Wyeth's Motion to Dismiss as having previously settled their claims or elected the AIO.[1] This is because no such evidence exists.

When a plaintiff elects the AIO or otherwise settles with Wyeth, that plaintiff releases all claims against Wyeth. Wyeth has pointed this out to plaintiffs' counsel repeatedly, only to be ignored. There is simply no good faith basis for these plaintiffs to continue to pursue their diet drug claims, and there is no excuse for plaintiff's counsel to continue to refuse to dismiss them. The Court should dismiss their claims.

### B. Plaintiffs Who Do Not Meet the Requirements for a Downstream Opt-Out Should Be Dismissed.

Over half of the plaintiffs in this action do not have echocardiogram reports that even *purport* to diagnose them with FDA positive regurgitation. Yet plaintiffs suggest that if this Court dismisses them, it is somehow making a substantive eligibility determination that should be left to the transferor court. Although they do not cite any PTO for this proposition, perhaps they are thinking of PTO 3376. In PTO 3376, the Court held that when a plaintiff files a downstream opt out based on a purportedly qualifying echocardiogram, when Wyeth files an eligibility challenge, the transferor court should be the one that adjudicates the eligibility challenge, except for issues of general applicability. PTO 3376, at 6-7.

---

[1] Those eight individuals are: Anthony Earl Sykes, Lillian Chandler, Johnny Earl Clark, Beverly Fleming, Velma Bell, Arma Harper, Valenta Allen-Williams, and Edward McArthur.

That ruling has no applicability here whatsoever. The Court did not hold, and surely never intended to hold, that plaintiffs who *do not even have diagnoses of FDA positive regurgitation yet have purported to exercise downstream opt out rights* can force Wyeth to discover and litigate their cases until remand to the transferor court. Indeed, plaintiffs' position, if adopted, would penalize Wyeth for the plaintiffs' failure to follow even the basic tenets of Rule 11, that is, to file suit only when one has a good faith basis for doing so.

In numerous briefs, Wyeth has gone into painstaking detail demonstrating that the plaintiffs identified in its motion do not even have an arguable basis for claiming FDA-positive status. Except for imploring the court to let them litigate the claims anyway, plaintiffs have offered nothing in rebuttal. Even after PTO 3872, in which this Court *directed* plaintiffs to address "issues of eligibility of plaintiffs to proceed with their claims," plaintiffs offer nothing that justifies their presence in this Court. Their claims should at long last be dismissed.[2]

### C. All Claims of PPH Should Be Dismissed and the Claims of the Non-Opt Outs Should be Dismissed.

All seven complaints in these cases include general allegations of primary pulmonary hypertension (PPH) as well as claims for punitive damages for all plaintiffs. However, not a single plaintiff has attempted to comply with PTO 2383 or has even attempted to demonstrate that he or she can meet the Settlement Agreement definition of PPH. As documented in its Motion to Dismiss, Wyeth repeatedly has requested that plaintiffs provide all evidence upon which they intend to rely to support claims of PPH as defined in the Settlement Agreement. As this Court is aware, PTO 2383 requires plaintiffs' counsel to come forward with any such evidence within 30 days. Plaintiffs have simply ignored these letters, and have failed to produce

---

[2] Plaintiffs with Non FDA-positive echocardiogram reports are listed on pages 9-19 of Wyeth's Motion.

any evidence supporting their PPH allegations. Because all plaintiffs have failed to comply with PTO 2383, all claims of PPH should be dismissed.

Additionally, Wyeth also identified plaintiffs who failed to file any opt-out forms at all. In the 11 months since Wyeth's Motion to Dismiss was filed, plaintiffs' counsel has not contested that these individuals failed to opt-out. These individuals also have failed to offer any evidence that they have a right to sue for PPH as defined Settlement Agreement. Again, plaintiffs' counsel has failed to set forth any evidence to the contrary. In the absence of a valid PPH claim and any opt-out forms, these plaintiffs should be dismissed.

### D. Claims of Non-Mississippi Residents Should Also Be Dismissed.

Wyeth renews its Cross-Motion to Dismiss the Claims of Non-Mississippi Residents, submitted to this Court on December 5, 2003. As discussed in Wyeth's Memorandum of Authorities in Support of the Response of Wyeth to Plaintiffs' Motion to Remand, the law on this issue is very clear –Non-Mississippi residents with no connection to Mississippi cannot acquire personal jurisdiction over Wyeth in Mississippi. Indeed, the Mississippi Supreme Court recently ruled that the claims of a group of non-resident Propulsid plaintiffs who filed suit in Mississippi should be dismissed without prejudice. *Culbert et al. v. Johnson & Johnson et al.*, No. 2003-IA-00881-SCT, September 23, 2004 (attached as Exhibit A).

The complaints do not allege that the Non-resident plaintiffs here have any contact with Mississippi, or that their causes of action have any connection to Mississippi. Under Mississippi law, Non-resident plaintiffs whose claims have no connection to the state cannot obtain personal jurisdiction over Non-resident defendants such as Wyeth. Consequently, the claims of the nearly sixty Non-resident plaintiffs must be dismissed.[3]

---

[3] The Non-resident plaintiffs are listed on pages 24-25 of the Memorandum of Authorities in Support of the Response of Wyeth to Plaintiffs' Motion to Remand.

It is also important to note that hundreds, if not thousands of Non-resident diet drug plaintiffs have entered into stipulations with Wyeth agreeing to dismiss or transfer their Mississippi lawsuits to appropriate venues outside of Mississippi. Wyeth proposed a similar arrangement to these plaintiffs' counsel to avoid burdening this Court with a settled issue on which it need not, and should not have to, rule. Plaintiffs' counsel chose to ignore Wyeth's offer. Enough is enough. The Non-resident plaintiffs should be dismissed, and Wyeth reserves the right to assert all defenses, including the statute of limitations, should they refile at this late date in their home state.

## II. WYETH SHOULD BE AWARDED THE COSTS AND FEES ASSOCIATED WITH THIS MOTION

Wyeth renews its request that fees and expenses associated with filing and briefing this Motion be assessed against the plaintiffs, and Wyeth requests an opportunity to present evidence on those fees and expenses to the Court.

It is difficult to overstate the level of non-cooperation Wyeth has received from plaintiffs' counsel on the issues raised in Wyeth's motion. For over one year, Wyeth has repeatedly attempted to streamline the issues in these cases with plaintiffs' counsel, without the need for this Court's intervention. At almost every turn, these attempts have been met with silence. One particularly astonishing example is that of the remaining eight previously-settled and AIO plaintiffs. As discussed, Wyeth has presented plaintiffs' counsel with documentary evidence showing that these plaintiffs have already settled their claims or elected the AIO. Yet plaintiffs' counsel continues to refuse to dismiss these plaintiffs, even though there is no reasonable or good faith basis for maintaining the claims. For these reasons and the other reasons discussed in Wyeth's motion, this Court should require plaintiffs to pay costs and fees associated with this motion.

# EXHIBIT A

Case 2:02-cv-20120-HB	Document 21	Filed 09/27/2004	Page 7 of 13

IN THE SUPREME COURT OF MISSISSIPPI

NO. 2003-IA-00881-SCT

ROCHELLE CULBERT, ET AL.

v.

JOHNSON & JOHNSON, MALLAN G. MORGAN,
M.D., AND SAV-ON-DRUGS OF COLUMBIA, INC.

| | |
|---|---|
| DATE OF JUDGMENT: | 4/16/2003 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | JEFFERSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | RICHARD CLINTON STRONG |
| | KEN R. ADCOCK |
| | MARK D. MORRISON |
| | LESTER JOSEPH MENG, III |
| ATTORNEYS FOR APPELLEES: | DONNA BROWN JACOBS |
| | CHRISTY D. JONES |
| | JOHN C. HENEGAN |
| | ROBERT L. JOHNSON, III |
| | KARI LOUISE FOSTER |
| | CHRIS J. WALKER |
| | JOHN LEWIS HINKLE |
| | AL NUZZO |
| | THOMAS M. LOUIS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED AND REMANDED - 09/23/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

CONSOLIDATED WITH
NO. 2003-IA-00918-SCT

JANSSEN PHARMACEUTICA, INC. AND JOHNSON
& JOHNSON

v.

*ROCHELLE CULBERT, ET AL.*

| | |
|---|---|
| DATE OF JUDGMENT: | 4/16/2003 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | JEFFERSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | DONNA BROWN JACOBS |
| | CHRISTY D. JONES |
| | ANITA MODAK-TRURAN |
| | JOHN C. HENEGAN |
| | ROBERT L. JOHNSON, III |
| ATTORNEYS FOR APPELLEES: | RICHARD CLINTON STRONG |
| | KEN R. ADCOCK |
| | MARK D. MORRISON |
| | LESTER JOSEPH MENG, III |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 09/23/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE COBB, P.J., EASLEY AND GRAVES, JJ.**

**EASLEY, JUSTICE, FOR THE COURT:**

**STATEMENT OF THE CASE**

¶1. Thirty plaintiffs, collectively known as the "Plaintiffs," filed suit in Jefferson County Circuit Court for injuries allegedly sustained from using the prescription drug Propulsid. Two of those plaintiffs were from Jefferson County, ten are Mississippi residents who live in eight different counties and eighteen reside out-of-state. The two plaintiffs that are Jefferson County residents are Clara Malone and Janice Davis. The filed complaint named as defendants, the makers of Propulsid, Janssen Pharmaceutica, Inc., which is a corporation based in New Jersey; Janssen's New Jersey-based parent corporation, Johnson & Johnson (collectively, "Janssen"); Ashraf M. Nofal, M.D.; Nathan Bradford, M.D.; Stephen Harless, M.D.; Simon

2

Cofrancesco, D.O.[1]; Mallan Morgan, M.D.; Bankston Pharmacy; Henrich Drug Store, Inc.; Conova's City Drug Store; Fred's Pharmacy, Inc.; Eckerd Corporation; Rite-Aid/K&B; Wal-Mart Stores, Inc.; Condon's East Union Pharmacy; Kroger Limited Partnership I; People's Drug Store; Sav-on Drugs, Inc., who allegedly filled the prescriptions and John Does 1-10 as yet unidentified individuals, collectively identified as the "Defendants."

¶2.    Janssen contends that the Plaintiffs' claims were improperly joined. Janssen argues that the Plaintiffs took Propulsid at different times, under different labels and warnings and in response to different marketing materials. Janssen further contends that the Plaintiffs have different pre-existing conditions that might bear upon any injury. Because of those differences, Janssen sought to have the Plaintiffs' joinder in Jefferson County severed, alleging that the inquiries into alleged defective design, failure to warn, breach of warranty and misrepresentation will be wholly distinct in each plaintiff's case. Furthermore, Janssen states that none of the non-Jefferson County Plaintiffs purchased the allegedly defective product or received medical treatment in Jefferson County.

¶3.    The trial court granted Janssen's motion to sever as to any plaintiffs without original jurisdiction and venue in Jefferson County. The Plaintiffs filed a motion for clarification and rehearing of, order. The trial court granted the Plaintiffs' motion for clarification and rehearing, in part, as to clarification and denied, in part, as to rehearing. The trial court's order also denied the Plaintiffs' request to certify the case for interlocutory appeal. The trial court's order stated that "those plaintiffs without original jurisdiction in Jefferson County, Mississippi, ... should be transferred to the court or courts of the plaintiffs' counsel's

---

[1] Dr. Confranceso was granted summary judgment by the trial court and is not a party to this case on appeal.

3

choosing as provided for in the Mississippi Rules of Civil Procedure." However, the trial court's order did not specify to which counties the cases were to be transferred. On cross-appeal, the Defendants seek to have this Court remand this matter to the trial court to order the transfer into the appropriate jurisdictions for the in-state Plaintiffs without venue in Jefferson County and dismissal of the out-of-state Plaintiffs under the doctrine of forum non conveniens, or in the alternative, for lack of venue.[2]

¶4. In turn, we granted permission for these interlocutory appeals. Justice Kay Cobb issued an order granting the Plaintiffs' petition for interlocutory appeal by permission and the Defendants' cross-petition for interlocutory appeal pursuant to M.R.A.P. 5 (a). Justice Cobb also executed an order on behalf of the Court declining the Plaintiffs' request to consolidate this matter with *Janssen Pharmaceutica, Inc. v. Keys*, No. 2003-IA-00275-SCT.

## DISCUSSION

¶5. The standard of review regarding the joinder of Plaintiffs and the correctness of venue used by this Court is to determine whether the trial court abused its discretion. *Janssen Pharmaceutica, Inc. v. Armond*, 866 So.2d 1092, 1097 (Miss. 2004). We will not disturb a plaintiff's choice of venue unless there is no credible evidence supporting the factual basis for the claim of venue. *Burgess v. Lucky*, 674 So.2d 506, 510 (Miss. 1996). *See also Armond*, 866 So. 2d at 1098 ("plaintiff's choice of a forum should not be disturbed except for weighty reasons"). As in *Armond*, our review in this case turns on

---

[2] As the argument in support of the 18 out-of-state Plaintiffs being allowed to be joined with the in-state-Plaintiffs, the Plaintiffs state that "Janssen is already defending numerous claims resulting from the use of Propulsid in Mississippi...and will not result in unnecessary expense or trouble for the Defendant." The Plaintiffs further contend that since "there are several Mississippi Plaintiffs already involved...there is a local interest in deciding these cases in Mississippi and the administrative costs on the courts will not increase."

4

whether the trial court properly applied M.R.C.P. 20, our permissive joinder rule. *Armond*, 866 So. 2d at 1094. We find that *Armond* controls the disposition of the substantive issues raised by the parties on appeal.

¶6. In *Scott v. Janssen Pharmaceutica, Inc.*, 876 So.2d 306 (Miss. 2004), this Court recently addressed a similar factual situation as the case at hand, stating:

> It is imperative we strike a balance in our jurisprudence between the need for fairness to the parties and judicial economy. In the end, the benefits of efficiency must never be purchased at the cost of fairness. *Armond*, 866 So.2d at 1100 (quoting *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir.1993)). For "it is possible to go too far in the interests of expediency and to sacrifice basic fairness in the process." *Malcolm*, 995 F.2d at 354. The discretion to consolidate cases is restrained by our paramount concern for a fair and impartial trial for all parties, plaintiffs and defendants. *Armond*, 866 So.2d at 1100. There is an innate danger in asking jurors to assimilate vast amounts of information against a variety of defendants and then sort through that information to find what bits of it apply to which defendant.

¶7. Here, as in *Scott*, a jury might well be overwhelmed with thirty separate fact patterns that are offered to prove medical malpractice. *See Scott*, 876 So.2d at 308. That is why in *Armond*, 866 So. 2d at 1102, we ordered the claims against the defendant physicians severed. *See Scott*, 876 So.2d at 308. "The two prongs of Rule 20 must always be met. While it does not rise to the level of a distinct factor in the joinder analysis, an important consideration is if the joinder will result in undue prejudice to the parties." *Id.*

¶8. Our decisions in *Armond* and *Scott* fully control the case at hand. Accordingly, we affirm the trial court's decision to sever the Plaintiffs' claims. We further affirm the trial court's April 17, 2003, order granting clarification as it required the Plaintiffs to provide the trial court an order of transfer, "transferring

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Wyeth's Reply to Plaintiffs' First Amended Response to Wyeth's Motion to Dismiss Certain Plaintiffs in the *Linda Harmon, Duwanda Robbins, Janice Binion, Lillian Chandler, Patricia Mosley, Mary Sanders,* and *Brenda Stallings* actions was served this the 27th day of September, 2004 by U. S. first-class mail, postage prepaid, upon plaintiffs' counsel in the foregoing actions addressed as follows:

>Brian A. Clark, Esquire
>Page, Kruger & Holland, P.A.
>10 Canebrake Boulevard
>Suite 200
>Jackson, MS 39232
>*(Attorney for Plaintiffs)*
>
>Wilbur O. Colum, Esquire
>The Colum Law Firm
>406 Third Avenue
>Columbus, MS 39703
>*(Attorney for Plaintiffs)*

and by U.S. first-class mail, postage prepaid, upon all counsel of record in the foregoing actions and upon all other counsel required to be served by Pretrial Order No. 19.

>"/s/" Paul B. Kerrigan

Dated: September 27, 2004